IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN BAPTISTE NEAL,

    Plaintiff,                                No. CIV S-08-0313 GEB KJM P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He claims that defendants violated his First Amendment rights by penalizing his becoming an "ameer" of the Muslim community of which he is a member; once be became an "ameer," after having been warned not to, he was placed in administrative segregation. Several matters are before the court.

I. Motions Filed By Plaintiff

    A. "Motion For Notice Of Default" & "Motion For Entry Of Default . . ."

        Plaintiff has filed two motions in which he asks that defendants be penalized for filing their motion for summary judgment late. On November 20, 2009, the court granted defendants 60 days within which to file their motion for summary judgment. Therefore the motion was due by January 19, 2010. Defendants' motion was filed on January 19, 2010.

1

Plaintiff's motions will be denied.

B. "Motion For Subpoena . . ."

Plaintiff asks permission to subpoena the Director of the California Department of Corrections, relying on Federal Rule of Civil Procedure 45. Defendants oppose this request.

Discovery in this case is closed. Even after the close of the discovery, the court allowed plaintiff to file two motions to compel, and granted one in part. Defendants represent they complied with the court's latter order in full. Plaintiff has not established good cause for the reopening of discovery. If his subpoena request is construed as one brought under Federal Rule of Civil Procedure 56(f), it does not satisfy the requirements of that rule. Plaintiff's request will be denied.

C. "Motions For Continuance To Collect Affidavits . . ."

Plaintiff moves pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for an extension of time to collect evidence necessary for plaintiff to oppose defendants' motion for summary judgment. Rule 56(f) requires, as a threshold matter, that a party show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Plaintiff has not met this threshold showing. Moreover, he has had ample opportunity to conduct discovery, and obtain the discovery he needs through the filing of multiple motions to compel. Plaintiff's request for a continuance will be denied.

D. Appointment Of Expert Witnesses

Plaintiff has moved several times for the court to appoint what plaintiff calls "expert witnesses" to provide evidence in support of plaintiff's claims. Specifically, plaintiff seeks the assistance of persons with expertise in prison management and the implementation of certain prison policies, as well as in the tenets of Islam. Plaintiff's request appears motivated, at least in part, by a concern that the court will not give adequate weight to his evidence and arguments, in determining the pending motion for summary judgment and at trial, if the case proceeds to trial. This concern is speculative and unfounded. Moreover, plaintiff's case is not such that the court

on summary judgment, or the trier of fact at any trial, requires the assistance of expert testimony in order to fully understand plaintiff's claims.  Plaintiff's request will be denied.

II.  Defendants' Request For Extension To File Reply

On March 8, 2010, defendants requested that they be granted an extension of time to file a reply to plaintiff's opposition to defendants' motion for summary judgment.  Defendants requested that they be given eight days from the denial of plaintiff's Federal Rule of Civil Procedure 56(f) motions.  Those motions are being denied as indicated above.  Defendants will be provided fourteen days to file a reply brief.

III.  Filing Limitations

The Local Rules of this court recognize that motions, oppositions, and replies shall be filed within the time periods set forth in the rules; the rules do not countenance a party's continuous filings outside the schedule. L.R. 78-230(m); see also Kane Gas Light And Heating Company v. Penzoil Company, 587 F.Supp. 910 (W.D. Penn. 1984) (arguments and evidence not included in the appropriate pleading constitutes "sandbagging" and is not permissible).  Plaintiff has continued to flout these rules, despite his obligation to follow the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se plaintiff must follow rules of procedure).  Therefore, plaintiff is instructed not to file any further documents with the court until defendants' motion for summary judgement is resolved; if plaintiff believes extraordinary circumstances require his filing something despite this instruction from the court, he shall first seek advance permission from the court for any such filing, with the request limited to no more than two pages.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' "request for extension of time to reply to plaintiff's opposition to motion for summary judgment" (#68) is granted.  Defendants' reply shall be filed within fourteen days of the filed date of this order.

2. Plaintiff's "motion for notice of default" (#58) is denied.

3. Plaintiff's "motion for entry of default . . ." (#61) is denied.

4. Plaintiff's "motion for subpoena . . ." (#59) is denied.

5. Plaintiff's "motions for continuance to collect affidavits . . ." (#60 & #64) are denied.

6. Plaintiff's motions for the appointment of an expert witness (#62, #65 & #71) are denied.

7. Plaintiff's motions brought under Federal Rule of Civil Procedure 56(f) are denied.

8. Plaintiff shall refrain from filing any further documents until defendants' motion for summary judgment is resolved.  If plaintiff believes extraordinary circumstances require his filing something despite this order from the court, he shall first seek advance permission from the court for any such filing, with any request limited to no more than two pages.  Failure to comply with this directive may result in plaintiff's case being dismissed for failure to comply with a court order.

DATED: July 1, 2010.

_____
U.S. MAGISTRATE JUDGE

neal0313 order 1